# W. G. MAURER ET AL. v. P. W. SHEAFER.

ERROR TO THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued April 20, 1887—Decided May 9, 1887.

1. The right of a sheriff to the protection of the Interpleader Act of April 10, 1848, P. L. 450, depends upon his own need of protection, and where in making a levy he necessarily assumes no risk he cannot exercise the right.
2. A leasehold estate conferring the right to mine, dig and carry away coal, is a chattel real, and a levy thereon upon a *fieri facias* by the sheriff as the property of the defendant, involves him in no responsibility to others; hence in such case he is not entitled to demand an issue under the Interpleader Act.

Before MERCUR, C. J., GORDON, TRUNKEY, GREEN and CLARK, JJ.; PAXSON and STERRETT, JJ., absent.

No. 11 July Term 1886, Sup. Ct.; Court below, No. 247 November Term 1885.

This was a *feigned issue* on the petition of the sheriff of Schuylkill county, wherein P. W. Sheafer was plaintiff and W. G. Maurer, S. H. Rothermel and C. D. Maurer were defendants.

Upon a judgment of W. G. Maurer, S. H. Rothermel and C. D. Maurer against John A. Dutter for $1,200 a *fi. fa.* was issued on August 18, 1885, and on the same day the sheriff levied upon:

All the right, title and interest of John A. Dutter of, in and to all that certain coal lease having 15 years to run from the first day of January, 1884, on land of the city of Philadelphia, trustee under the will of Stephen Girard, with the right and privilege to mine, dig and carry away coal in and from all the veins of coal lying south of interfering surveys in the names of George Flower and Conrad Mertz and east of the interfering survey in the name of Richard Stevens on the John Blackey and Thomas Paschall tracts of land, situate in West Mahanoy township, Schuylkill county.

Also, all the right, title and interest of John A. Dutter of, in and to all that certain coal lease having fifteen years to run from the first day of January, 1884, on land of the estate of John Gilbert, deceased, and others, situate in the borough of Gilberton, Schuylkill county, and adjoining the above mentioned tracts of land, with the improvements, consisting . . . . . known as the South Laurel Ridge Colliery.

Also, all the right, title and interest of John A. Dutter of, in and to all that certain coal lease, having        years to run on land of the estate of John Gilbert, deceased, and others, situate in the borough of Gilberton, Schuylkill county, with the improvements, consisting . . . . . known as the North Laurel Ridge Colliery, as the property of John A. Dutter.

On September 7, 1885, the sheriff presented his petition in the usual form, setting out his levy in full and alleging that he had received notice from P. W. Sheafer that the premises, etc., levied upon belonged to him, obtained a rule upon the execution plaintiffs to show cause why an issue should not be formed to try the title to said premises. To this rule the execution plaintiffs filed an answer objecting that the leases and improvements, etc., were estates in the land, not subject to seizure as personal goods susceptible of transportation, but by reason of their fixed and permanent character, could under an execution be seized and held only as real estate and sold in the same manner as real estate; and such property was not within the spirit and meaning of the Interpleader Act. On October 17, 1885, the rule was made absolute and an issue framed as stated.

On the trial there was evidence, *inter alia*, that before the issue was formed the plaintiff therein had transferred his interests in the properties in dispute to S. H. Barrett and N. H. Beddall.

The defendants (the execution plaintiffs), submitted the following points:

1. The evidence being undisputed that the property levied upon under the writ of the defendants were leasehold estates of mining rights and the improvements thereon, and said leases having nearly fifteen years to run, such property partaking of the character and permanency of realty is incapable of seizure so as to affect the liability of the sheriff and hence is not

within the act of assembly of 10th April, 1848, and its supplements, and this issue cannot be sustained and the verdict must be for the defendants.

2. That Peter W. Sheafer, having parted with all his interest in the property levied upon on the 14th Sept. 1885, and this issue having been formed thereafter, the plaintiff has no status to maintain the issue and the verdict should be for the defendants.

The court charged the jury:

We overrule and negative the points of the defendant and direct a verdict in favor of the plaintiff. As to the second point we say further that the issue in this case is really as to the ownership of the property at the time of the levy. The undisputed evidence in this case is that it was in Mr. Sheafer, and therefore the testimony which has been given in evidence and as to the effect of which we reserved, as to the subsequent assignments of this property by Mr. Sheafer to Mr. Barrett, that is really not relevant to the trial of the issue in this case; or if it were, then we think that the plaintiff would have a right to amend by making Barrett and Beddall the use·plaintiffs in the case. And for these reasons we negative the points of the defendant and direct a verdict in favor of the plaintiff.

Judgment was entered upon the verdict in favor of the plaintiff claimant, whereupon the defendants (the execution plaintiffs) took this writ, assigning for error the overruling of their points and the charge of the court.

*Mr. James Ryon (Mr. W. A. Marr* with him), for the plaintiffs in error:

1. The leasehold estates in question are not within the act of April 10, 1848, and its supplements. They are interests in land, corporeal hereditaments: Scranton v. Phillips, 94 Penn. St. 20; Dark v. Johnson, 55 Idem 170; Harlan v. Lehigh Coal & N. Co., 35 Idem 287; Chicago & Allegheny O. & M. Co. v. U. S. Petroleum Co., 57 Idem 83; Caldwell v. Fulton, 31 Idem 480; an ejectment will lie for a leasehold estate: Karns v. Tanner, 66 Penn. St. 297; Titusville Novelty Iron Works App., 77 Idem 103; Christie and Scott's App., 85 Idem 466.

The Interpleader Act refers entirely to a levy upon goods and chattels. It was passed for the relief of the sheriff and

not the claimant: Bain v. Funk, 61 Penn. St. 185; and applies to goods and chattels *taken:* Zacharias v. Totten, 90 Penn. St. 291; Phillip v. Reagan, 75 Idem 381; Sampson v. Graham, 96 Idem 405.

2. The plaintiff having parted with his interest before the issue was formed, had no status in the case and was not entitled to a verdict.

Barrett and Beddall, who purchased from Sheafer after the levy, could not make a claim to entitle the sheriff to an issue: In re Sheriff of Oxfordshire, 6 Dowl. 136; Rodgers v. Douglass, 9 W. N. 191. The claimant must aver title at the time of the delivery of the execution to the sheriff: T. & H. Pr., § 1137; Lafferty v. Cormick, 1 W. N. 267; Meyers v. Prentzell, 33 Penn. St. 482; Stewart v. Wilson, 42 Idem 450; Richardson v. Montgomery, 49 Idem 203; Alden v. Grove, 18 Idem 377.

*Mr. Mason Weidman* (with him *Mr. S. H. Kaercher*), for the defendant in error:

1. Chattels real as well as goods and chattels may be sold on *fi. fa.:* Williams Real Prop., 372, 377, 387; Dalzell v. Lynch, 4 W. & S. 255; Stewart v. Kenower, 7 W. & S. 288; Lancaster Sheriff's Sales 14; Muffly v. The Swatara Iron Co., 2 Pears. 203; Pritchett v. McWilliams, 2 W. N. 353.

Bain v. Funk, 61 Penn. St. 185, is inapplicable, for here the sheriff asked for the relief.

2. No amendment of the issue was necessary; it was to be tried as of the date of the levy: Whitney v. Moore, 77 Penn. St. 479; Guyer v. Spotts, 85 Idem 51; Tyson v. Brock, 25 Idem 517.

OPINION, MR. JUSTICE GORDON:

On a writ of *fieri facias,* issued at the suit of the plaintiffs in error, August 18, 1885, the sheriff levied on three certain leaseholds, alleged to belong to John A. Dutter, the defendant in the said writ of *fieri facias.* The leases under which Dutter held granted to him the right of digging, mining and carrying away anthracite coal from the Bush Mountain and underlying beds for and during the term of fifteen years. On the 7th of September the sheriff presented a petition to the

Court of Common Pleas setting forth that P. W. Sheafer claimed the premises as belonging to him, and praying for a rule on W. G. Maurer, S. H. Rothermel and C. D. Maurer to interplead. The defendants resisted this rule, but the court, on the 17th of October, 1885, made it absolute and ordered the issue. In due course the case came on for trial, and resulted in a verdict and judgment for P. W. Sheafer, the plaintiff.

Now, the only material matter of controversy, in this case, arises on the defendants' first point, which is as follows : " The evidence being undisputed that the property levied on under the writ of the defendants, were leasehold estates of mining rights and the improvements thereon, and said leases having nearly fifteen years to run, such property partaking of the character and permanency of realty, are incapable of seizure so as to affect the liability of the sheriff, and hence, are not within the act of assembly of 10th of April 1848, and its supplements, and this issue cannot be sustained, and the verdict must be for the defendants." The point thus stated was negatived by the court below, and this ruling is now assigned for error. In the case of Bain v. Funk, 61 Penn. St. 185, we held that the Sheriff's Interpleader Act was designed solely for the benefit and protection of that officer, and that an issue was not demandable by the claimant. The contention, therefore, may be regarded as turning upon the sheriff's right, in this case, to demand an issue; for if he had no such right the court ought to have affirmed the point recited, and directed a verdict for the defendants. But this right of the sheriff must depend upon his need of protection, for if he needs no protection neither can he exercise this right. He cannot have an issue merely for the benefit of a claimant, and in which he has no direct interest. The question, then, in this case is, what risk did the sheriff necessarily take upon himself in levying upon these leaseholds? The answer must be, none whatever. And the same answer is required to the question, what interest can he possibly have in the determination of the title to them ? For it was not of the least consequence to him whether this property was owned by either of the claimants or none of them. His levy was on realty, or what, so far as he was concerned, was the same as realty ; chattels real. He

could physically seize upon nothing; his levy need not be made either upon or in view of the premises, and it, the levy, was, at most, only a description of the realty out of which the leasehold estates issued. He had, in short, no more responsibility in or about the matter in hand than if his levy had been upon the land which was subjected to the leases: Titusville Novelty Iron Works' Appeal, 77 Penn. St. 103. The Interpleader Act answers an excellent purpose for the protection of the sheriff when on a levy and consequent seizure of personal chattels he discovers an adverse claimant of the goods, but when his levy is on realty of any kind it affords him no protection whatever, for he needs none; in such case he performs his official duty without risk of any sort.

> The judgment is reversed, and the interpleader proceedings are vacated.